UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| INTERNATIONAL FEDERATION OF PROFESSIONAL AND TECHNICAL ENGINEERS, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>DONALD TRUMP, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 25-3615 (PLF)

MEMORANDUM OPNION AND ORDER

On May 1, 2026, proposed plaintiff-intervenor Goodard Engineers, Scientists and Technicians Association ("GESTA") filed an emergency motion seeking to modify the Court's stay of this action, to intervene, and to request a temporary restraining order and preliminary injunction "preserving the status quo" of NASA's Goddard Information and Collaboration Center in Greenbelt, Maryland ("Goddard Library") pending resolution of whether Executive Order 14343, issued by the President on August 28, 2025, "lawfully applies to [the National Aeronautics and Space administration ("NASA")] and lawfully permits NASA to repudiate or disregard GESTA's 2012 Settlement Agreement" with NASA's Goddard Space Flight Center ("GSFC"). See Plaintiff-Intervenor's Emergency Motion to Intervene, to Modify the Stay, and for Temporary Restraining Order and Preliminary Injunction ("Mot.") [Dkt. No 13] at 1. GESTA's motion has been fully briefed, and the Court held oral argument on the motion on June 10, 2026. See Defendants' Memorandum in Opposition ("Opp.") [Dkt. No. 22]; Plaintiff-Intervenor's Reply in Support ("Reply") [Dkt. No. 23].

As a threshold matter, the Court must determine whether to lift the stay imposed on December 22, 2025 so that it may resolve the pending motions filed by proposed plaintiff-intervenor. See Marsh v. Johnson, 263 F. Supp. 2d 49, 52 (D.D.C. 2003). After careful consideration of the parties' written submissions, their oral arguments, and the relevant authorities, the Court concludes that "circumstances have [not] changed such that the court's reasons for imposing the stay [of all proceedings in this case] no longer exist or are inappropriate." See Marsh v. Johnson, 263 F. Supp. at 52. The harm GESTA alleges it will incur if the stay stands does not outweigh the interest in judicial economy. Independent proceedings, now pending before the D.C. Circuit, bear upon issues central to this case and likely will be resolved shortly.[1] See Hulley Enter. Ltd. v. Russian Fed'n, 211 F. Supp. 3d 269, 276 (D.D.C. 2016) ("The "power to issue a stay may be appropriately exercised" when a "separate proceeding bearing upon the case" will likely "narrow the issues in the pending case[ ] and assist in the determination of the questions of law involved.").

To promote efficient use of judicial resources, and because the Court is unpersuaded that proposed plaintiff-intervenor will be unduly prejudiced, the Court declines to lift the stay for the purpose of considering proposed plaintiff-intervenor's pending motions. Accordingly, it is hereby

---

[1]      The appeals in National Treasury Employees Union v. Trump, No. 25-5157 (D.C. Cir.), American Foreign Service Ass'n v. Trump, No. 25-5184 (D.C. Cir.), and Federal Education Ass'n v. Trump, No. 25-5303 (D.C. Cir.) have already been argued were submitted on December 15, 2025.

ORDERED that proposed plaintiff-intervenor's Emergency Motion to Intervene, to Modify the Stay, and for Temporary Restraining Order and Preliminary Injunction [Dkt. No. 13] is DENIED.

An Opinion consistent with this Order will follow in due course.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 6|30|26